# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**GARY DUPREE,** *Individually, and*
*on behalf of himself and others*
*similarly situated,*

Plaintiff,

v.                                                      No._____

**KASAI NORTH AMERICA, INC.,**
*A Tennessee Corporation,*                              **FLSA Collective Action**
                                                        **JURY DEMANDED**

Defendant.

_____

## COLLECTIVE ACTION COMPLAINT
_____

Plaintiff, Gary Dupree ("Plaintiff"), on behalf of himself, individually, and on behalf of others similarly situated, files this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Kasai North America, Inc. ("Defendant") on behalf of all current and former production associates who worked for Defendant during the past three (3) years. Plaintiff and the putative class seek damages for unpaid pre-shift "off the clock" work claims. The pre-shift "off the clock" wage claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendant in this District, and Defendant has conducted, and continues to conduct, business within this District during all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant, Kasai North America, Inc., is a Tennessee Corporation with its principal offices located at 1225 Garrison Drive, Murfreesboro, Tennessee 37129-2571. It has been an "employer" of Plaintiff and those similarly situated as such term is defined by the FLSA at all times material to this action.

5. Plaintiff Gary Dupree worked as an hourly-paid production associate for Defendant within this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Dupree's Consent to Join this Collective Action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

6. Defendant operates a manufacturing plant located in Manchester, Tennessee where Plaintiff was employed during all times material to this action. Defendant also has similar manufacturing facilities in Chattanooga, Tennessee; Smyrna, Tennessee; Upper Sandusky, Ohio; Talladega, Alabama; Prattville, Alabama; and Madison, Mississippi.

7. Defendant has been the "employer" of Plaintiff and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

8. At all times material to this action, Plaintiff and class members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant

within the territory of the United States within three (3) years preceding the filing of this collective action.

9. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid production associates have engaged in commerce and the production of goods for commerce during the applicable statutory period.

10. Defendant has a common time keeping system in which hourly-paid production associates were required to clock-in and clock-out for the purpose of recording their compensable time during all times material to this action.

11. However, Plaintiff and those similarly situated were compensated only for work time from the beginning of their respective assigned shifts to the ending of their respective assigned shifts plus any post-shift overtime work.

12. Plaintiff and those similarly situated typically worked 40 hours per week or more within weekly pay periods during all times material to this Collective Action.

13. Defendant had a common time keeping policy and practice of not compensating Plaintiff and those similarly situated for work performed from the time they clocked-in to its timekeeping system until the beginning of their respective assigned shifts.

14. Plaintiff and those similarly situated performed such pre-shift "off-the-clock" work within weekly pay periods during all times material to this action without being compensated for such work at the applicable FLSA straight and overtime rates of pay.

15. Defendant failed to properly and accurately record all such compensable times of Plaintiff and those similarly situated as required by 29 C.F.R. §516.2(a)(7).

3

16. By its failure to accurately record all their compensable times and to pay Plaintiff and those similarly situated for all such compensable times, Defendant willfully failed to compensate them for all such time at the applicable straight and overtime rates of pay, as required by the FLSA.

17. Defendant knew and was aware at all times relevant it was not recording and compensating Plaintiff and those similarly situated for all of their compensable times without a good faith basis for its failure.

18. Defendant's common policies and practices of not compensating Plaintiff and those similarly situated for all compensable times at the applicable FLSA overtime rates of pay violated 29 U.S.C. § 207(a)(1).

19. As a result of Defendant's bad faith and willful failure to pay Plaintiff and those similarly situated in compliance with the FLSA, Plaintiff and those similarly situated have suffered lost wages in terms of lost overtime compensation, as well as other damages.

20. The net effect of Defendant's common plan, policy, and practice of working Plaintiff and those similarly situated pre-shift "off the clock" without compensation is that Defendant has unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

22. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid production associates employed by Defendant who performed pre-shift "off-the-clock" work without compensation within weekly pay periods during all times material to this action, occurring anywhere in the United States within the three (3) years preceding the filing of this action ("Class Members").[1]

23. Plaintiff seeks to pursue his unpaid "off the clock" overtime wage claims against Defendant on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid production associates.

24. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked, as required by the FLSA.

25. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, pay and compensation policies and practices. Plaintiff and members of the class were subjected to Defendant's policy and practice of expecting, enticing, encouraging, and/or suffering and permitting, Plaintiff and similarly situated production associates of performing pre-shift "off the clock" without being compensated for such work time at the applicable FLSA overtime rates of pay.

26. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

27. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e., to pursue their aforementioned "off the clock" claims, as previously described.

28. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

29. Defendant required Plaintiff and class members to work "off the clock" within weekly pay periods during all times material to this collective action without compensating them at the applicable FLSA overtime rates of pay for such "off the clock" work.

30. Defendant knew Plaintiff and class members performed work that required additional overtime compensation to be paid. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such FLSA required overtime compensation.

31. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and class members.

32. Defendant's conduct was not in good faith by its failure to compensate Plaintiff and class members for all their compensable times at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this collective action.

33. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned "off the clock," unpaid wage claims.

34. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

35. Plaintiff estimates there are several hundred members in the collective class. The precise number of class members can be easily ascertained by examining Defendant's payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's facilities.

36. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

37. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

38. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

39. At all relevant times, Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

40. At all relevant times, Defendant employed Plaintiff and class members consistent with the terms of the FLSA.

41. At all relevant times, Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

42. Plaintiff and other class members are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

43. As a result of Defendant's common policy and practice of working Plaintiff and class members "off the clock", as previously described, Plaintiff and class members were not

paid all their overtime compensation, as required by the FLSA.

44. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

45. Through their actions, policies, practices, and plans, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all their aforementioned "off the clock" hours worked.

46. The foregoing actions of Defendant violated the FLSA.

47. Defendant's actions were willful with reckless disregard to clearly defined FLSA overtime requirements.

48. Defendant's actions were not in good faith.

49. The "off the clock" wage claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

50. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

51. Therefore, Defendant is liable to Plaintiff and the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: March 8, 2021.                               Respectfully Submitted,

                                              *s/ Gordon E. Jackson*
                                              Gordon E. Jackson (TN BPR #8323)
                                              J. Russ Bryant (TN BPR #33830)
                                              Robert E. Turner, IV (TN BPR #35364)
                                              Robert E. Morelli, III (TN BPR #037004)
                                              **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
                                              262 German Oak Drive
                                              Memphis, Tennessee 38018
                                              Telephone: (901) 754-8001
                                              Facsimile: (901) 754-8524
                                              *gjackson@jsyc.com*
                                              *rbryant@jsyc.com*
                                              *rturner@jsyc.com*
                                              *rmorelli@jsyc.com*

                                              ***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***

10

Case 3:21-cv-00193   Document 1   Filed 03/08/21   Page 10 of 10 PageID #: 10