## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Subject to approval by the United States District Court for the Middle District of Tennessee, Nashville Division, this binding Settlement Agreement and Release of Claims is entered into between Plaintiffs Cynthia Evanoff and the Estate of Debbie Smith, on behalf of themselves, their heirs, estates, representatives, executors, agents, assigns, and the Opt-In Plaintiffs named below (collectively, "Plaintiffs"), and Defendant Kasai North America, Inc. ("Defendant" or "Kasai") this 18th day of November 2022.

## DEFINITIONS

1.  "Federal Action" shall mean the civil action filed in the United States District Court for the Middle District of Tennessee, Nashville Division, entitled *Cynthia Evanoff and The Estate of Debbie Smith v. Kasai North America, Inc.,* Case No. 3:21-cv-00193.

2.  "Agreement" or "Settlement Agreement" shall mean this Agreement and Release of Claims.

3.  "Settlement" shall mean the settlement of the Federal Action described and defined by, and according to the terms of, the Settlement Agreement.

4.  "Plaintiffs," unless otherwise specified, shall mean and include the Named Plaintiffs and Opt-In Plaintiffs.

5.  "Named Plaintiffs" shall mean Cynthia Evanoff, the Estate of Debbie Smith, and their heirs, estates, representatives, executors, agents, and assigns.

6.  "Opt-Ins" or "Opt-In Plaintiffs" means those individuals who opted-in to the conditionally certified class of "all individuals Defendant employed as hourly-paid production associates at its Ohio facilities during the relevant time-period[]" in the Federal Action by

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

submitting consent forms filed with the Court. The names of the Opt-In Plaintiffs, their addresses and their settlement payments are contained in the attached Exhibit 1 to this Agreement.

7. "Defendant" shall mean and include Defendant Kasai North America, Inc., and all of its current and former owners, officers, directors, employees, agents, insurers, attorneys, parents, predecessors, successors, subsidiaries, parents, and related and affiliated entities in their individual and official capacities.

8. "Plaintiffs' Counsel" shall mean Gordan E. Jackson, J. Russ Bryant, Robert E. Turner, and Robert E. Morelli, III of the Jackson, Shields, Yeiser, Holt, Owen & Bryant Law Firm.

9. "Defendant's Counsel" shall mean Mekesha H. Montgomery and Neal Shah of Frost Brown Todd, LLC.

10. "Parties" shall mean the Plaintiffs and Defendant, as defined above.

11. "Final" shall mean the date the Court has approved the Settlement Agreement and the period for appeal of the Court's order approving the Settlement has expired or, to the extent an appeal is filed, the Court's approval has been affirmed and all other routes to appeal have been exhausted.

## RECITALS

### The Claims and Issues

12. On March 8, 2021, Named Plaintiffs commenced the Federal Action on behalf of themselves and all others similarly situated to them. On October 25, 2021 an Amended Complaint was filed in the Federal Action. On August 11, 2022 a Second Amended Complaint was filed in the Federal Action.

13. Named Plaintiffs' Federal Action alleged that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay the Named Plaintiffs for time worked off the clock. By

allegedly failing to pay the Named Plaintiffs for time worked off the clock, Named Plaintiffs alleged they were not correctly paid for all time and overtime hours worked.

14. Defendant answered the Federal Action Complaint and denied liability of any kind.

15. On August November 30, 2021, (Doc. #25) the parties submitted a Joint Stipulation for Conditional Certification of a proposed collective class.

16. The Court granted the parties Joint Stipulation for Conditional Certification on December 1, 2021 (Doc. #26).

17. Notice was sent to all "individuals Defendant employed as hourly-paid production associates at its Ohio facilities during the relevant time-period."

18. To date, approximately 82 individuals opted-in to the Federal Action and conditional class. The Opt-In Plaintiffs have been identified on Exhibit 1.

### Settlement Negotiations

19. The Parties began settlement negotiations in August 2022. Over the course of multiple days, the parties agreed to a resolution of all the claims.

20. The Parties ultimately agreed to a combined total settlement payment of $77,500 (seventy-seven thousand and five hundred dollars). This combined total settlement payment includes payments of $1,000.00 (one-thousand dollars and zero cents) each to the Named Plaintiffs as an Incentive Award; payments to the Opt-In Plaintiffs as specified in Exhibit 1 to this Agreement; and a combined sum of $27,638.67 (twenty-seven thousand six hundred and thirty-eight dollars and sixty-seven cents) to be paid to Plaintiffs' Counsel in compensation for their legal work on the case and to administer the Settlement and a reimbursement of $15,072.00 (fifteen thousand and seventy-two dollars and zero cents) for Plaintiffs' expenses. The Parties Agree that these settlement payments are in exchange for a complete release of all claims by Named Plaintiffs

3

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

and a release of all wage and hour claims by the Opt-in Plaintiffs as described further in this Agreement. Defendant agrees to pay the settlement monies in full within 21 days after the settlement becomes Final as defined herein and after Plaintiffs submit to Defendant any necessary tax related forms. Each Party shall be responsible for their own attorney fees not stated in this Agreement.

21. The Parties mutually understand that their agreement was subject to the preparation and execution of appropriate settlement documents, including the full release of all wage and hour claims and any other claim of whatever nature, based on events or occurrences which occurred on or before the date of this Agreement, and the Court's approval thereof.

## The Proposed Settlement

22. The proposed Settlement provides payments to Plaintiffs that represent the total potential value of their claims. The individual allocations to Plaintiffs are based on Plaintiffs' Counsel's estimate of the respective monetary value of their claims and consultation with the individual Plaintiffs concerning their respective damages.

23. Plaintiffs' Counsel has thoroughly investigated the facts, diligently pursued discovery from Defendant, including the review of relevant evidentiary documents, and researched the law applicable to Plaintiffs' claims and Defendant's pled defenses. Based on their independent investigation and evaluation, Plaintiffs' Counsel believes the Settlement is fair, adequate, and reasonable and is in the best interests of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, Defendant's defenses and the risk that the Court and/or jury would determine that the Plaintiffs were properly compensated.

24. The proposed Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

have merit or that Defendant has any liability to Plaintiffs on those claims. Defendant expressly denies that Plaintiffs claims have any merit.

25. Wherefore, subject to approval by the Court, the Parties have reached a binding agreement to settle the Actions upon the terms and conditions set forth herein.

## SETTLEMENT PAYMENTS

26. <u>Total Settlement Amount</u>: Subject to Court approval, Defendant will pay the total sum of $77,500 (seventy-seven thousand and five hundred dollars) in final and complete settlement of the Federal Action, with prejudice. Of that sum, $1,000.00 shall be apportioned to each of the Named Plaintiffs for the dismissal of all of their claims and a general release of all claims against Defendant; a combined sum of $32,789.33 shall be apportioned to the Opt-in Plaintiffs as allocated in Exhibit 1 of this Agreement; and a combined sum of $27,638.67 to Plaintiffs' Counsel, with an additional reimbursement of $15,072.00 (fifteen thousand and seventy-two dollars and zero cents) for Plaintiffs' expenses to Plaintiffs' Counsel. The allocations to the Named Plaintiff and the Opt-in Plaintiffs are based on Plaintiffs' counsel's estimate of the respective monetary value of Plaintiffs' claims and consultation with the individual Plaintiffs concerning their respective damages.

27. <u>Treatment of Plaintiffs' Settlement Payments</u>: The settlement payments will be issued to Plaintiffs in accordance with the allocation schedule attached as Exhibit 1. Fifty percent (50%) of the settlement payments made to each Plaintiff will be issued as back pay wages, for which will be reported on an IRS Form W-2. The remaining fifty percent (50%) of the settlement payments made to each Plaintiff will be issued as liquidated damages / non-wages, which will be reported on an IRS Form 1099 as "other income." Plaintiffs will each be individually responsible for the payment of their share any taxes due on the settlement funds received by each of them,

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

respectively. The parties further agree that the Plaintiffs shall be solely liable for payment of all taxes, including interest and penalties, relating to the 1099 payments and the Plaintiffs shall indemnify the Defendant for all such taxes, including interest and penalties. For any payments subject to an IRS Form W-2, Defendant shall use the last Form W-2 it has on file for each Plaintiff.

28. <u>Plaintiffs' Counsel's Attorneys' Fees and Costs</u>: Subject to approval by the Court, Plaintiffs' Counsel shall receive $42,710.67 which compensates Plaintiffs' counsel for their legal fees and costs in this case, including administration of the Settlement. Defendant will issue IRS Forms 1099 to Plaintiffs' Counsel with respect to these attorneys' fees and expenses.

29. <u>Issuance of Settlement Payments</u>: Defendant will make the settlement payments within 21 days after the Settlement becomes Final.

## RELEASE OF CLAIMS

30. <u>Released Claims</u>: Each and every Plaintiff, on behalf of his/her respective heirs, estates, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, hereby knowingly and voluntarily release Defendant from any and all claims under the Fair Labor Standards Act, Ohio Wage and Hour laws, the Ohio Constitution, and any other claim under federal, state, or local law, common law, regulation, or ordinance that can be released, and any claim for unpaid compensation, wages, overtime, back pay, front pay, costs, attorneys' fees, and other damages, whether equitable, compensatory, liquidated, or punitive in nature, that are releasable under the law and are based on events or occurrences which occurred on or before the date of this Agreement (collectively, the "Released Claims").

31. In consideration of Defendant's payment to Named Plaintiffs of the Incentive Award, Named Plaintiffs hereby fully waive, discharge, and release any and all claims relating to

6

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

or arising out of their employment with and/or separation of employment from Defendant, of whatever nature, known or unknown, that they may have against Defendant, as a result of actions or omissions occurring through the date that Named Plaintiffs execute this Settlement Agreement, subject to the provisions set forth below. Specifically included in this waiver and release, but not limited to, are any and all claims arising out of or related in any way to Named Plaintiffs' employment or the separation of employment with Defendant. Also specifically included in this waiver and release includes but is not limited to claims of discrimination and harassment based upon race, national origin, ancestry, disability, religion, marital status, sexual orientation, gender identity, veteran's status, sex and age. Named Plaintiffs' release includes claims of retaliation and all claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq., the Reconstruction Era Civil Rights Acts, as amended, 42 U.S.C. §§ 1981 et seq., the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et. seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2100 et seq., Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Employee Polygraph Protection Act (EPPA), 29 U.S.C. §§ 2001, et seq., the Immigration Control and Reform Act, 8 U.S.C. § 1324b, the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§1681, et seq., the Genetic Information Non-Discrimination Act ("GINA"), 42 U.S.C. §§ 2000ff et. seq., the Ohio Civil Rights Act, § 4112, et seq., the Ohio Workers Compensation Anti-Retaliation Act, § 4123.90, Ohio Wage and Hour Laws, any statute in Ohio that is related to any of the statutes listed in this paragraph, and any other federal, state, city, or local statute or ordinance that can be released. Named Plaintiffs understand that this release includes, but is not limited to, all claims that were asserted or could have been asserted in the Federal Action, including all

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

collective or class claims. Named Plaintiffs further understand that this release includes all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Federal Action, and any claims challenging the practices that gave rise to the claims asserted in the Federal Action. Named Plaintiffs further understand that this release includes all claims that relate in any way to her employment with Defendant, including without limitation claims that were asserted or could have been asserted in the Federal Action, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations.

32. Plaintiffs' Counsel warrants and represents that they neither represent, nor are they aware of, any individual who wishes to bring any claim against Defendant based upon allegations similar to those alleged in this Lawsuit. Class Counsel represent that they are aware of no other individual who wishes to participate in this Lawsuit or to initiate a new Lawsuit making similar misclassification allegations against Defendant. To the extent permitted by the ethics rules, Plaintiffs' Counsel will not post, issue, or publish any further communication about the Lawsuit, this Settlement Agreement, or the terms of the Settlement Agreement, except to those Opt-Ins already joined in the putative class. Neither Plaintiffs nor Plaintiffs' Counsel shall distribute any press release, respond to any media inquiries, make any statements to the press, or hold any press conference concerning this Agreement or its terms. At no time may Plaintiffs, or Plaintiffs' Counsel disclose this Agreement or its terms except as required by law or order of this Court, or as may be necessary to enforce the terms of this Agreement.

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

33. Nothing in this Agreement shall be construed to prevent Plaintiffs from filing or participating in a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), Ohio Civil Rights Commission ("OCRC"), or similar governmental agency. However, by signing this Agreement, Plaintiffs waive the right to any monetary recovery of any nature, including attorneys' fees, from Defendant in any claim or lawsuit brought by or through the EEOC, OCRC, or similar governmental agency.

34. By accepting payment under this Agreement, each Plaintiff affirms and warrants that Plaintiff has been paid and has received all leave (paid or unpaid), compensation (including any deferred or equity-based compensation), wages, overtime, vacation pay, paid time off, bonuses, commissions, reimbursements, and benefits to which that Plaintiffs may be entitled and that no other leave (paid or unpaid), compensation, wages, overtime, vacation pay, paid time off, bonuses, commissions, reimbursements, or benefits are due to that Plaintiff.

35. All settlement checks will remain negotiable for 180 days from the date they are issued. At any point prior to the 180-day deadline, Class Counsel shall have the authority to stop payment on a lost check and issue a new check to any Plaintiff upon request, and Class Counsel may contact Plaintiffs who have not cashed their checks to obtain updated addresses or remind them to cash their check. At the conclusion of the 180-day check-cashing period, any money remaining from uncashed checks shall be returned to Defendant.

36. <u>Binding Releases</u>: Subject to approval by the Court, the releases herein shall apply to and bind all Plaintiffs, as defined herein, including all Opt-Ins. By accepting payment under this Agreement, each Plaintiff (Named and Opt-In) expressly agrees and acknowledges that he has been paid for all hours worked by Defendant.

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

37. <u>Release of Attorneys' Fees and Expenses</u>: Plaintiffs and Plaintiffs' counsel agree that the payment of attorneys' fees and expenses to Plaintiffs' counsel pursuant to this Settlement includes, satisfies, and extinguishes all claims for attorneys' fees and expenses recoverable in the Federal Action. In consideration of such payment of attorneys' fees and expenses, Plaintiffs' counsel release and waive any and all claims to any additional attorneys' fees and expenses in connection with the Federal Action or Settlement.

38. The releases herein shall be effective on the date the Settlement becomes Final, as defined herein.

## APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTIONS

39. <u>Cooperation</u>: The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and cause the Federal Action to be dismissed with prejudice. Neither party will discourage participation in this Settlement Agreement.

40. <u>Fair, Adequate and Reasonable Settlement</u>: The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

41. <u>Motion for Approval of Settlement</u>: Defendant shall, unopposed, move for Court approval of the Settlement and entry of the proposed order granting final approval of the Settlement as fair, adequate, and reasonable, approving the total Settlement amount, approving the proposed distribution of payments to Plaintiffs and Opt-Ins according to the Allocation Schedule attached as Exhibit 1 to the Settlement Agreement, approving the payment of attorneys' fees and expense reimbursements to Plaintiffs' counsel, and dismissing the Federal Action with prejudice. Plaintiffs will not oppose this Motion. Defendant shall file this <u>Motion for Approval of Settlement within ten (10) days after the agreement has been finalized by the Parties and their counsel</u>. The terms of

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

this Agreement, including any payments and releases in the Agreement, are conditioned on the Court approving the terms of this Agreement.

42. Dismissal of the Federal Action With Prejudice: If entered by the Court, the proposed order attached as Exhibit 2 to the Joint Motion for Approval of FLSA Settlement will dismiss the Federal Action with prejudice as to all Parties and all claims.

## NO ADMISSION

43. Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant and Defendant explicitly denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## TAX AND MEDICARE LIABILITY

44. Plaintiffs agree that, with the exception of Defendant's share of FICA/FUTA taxes on the wage payments, they are responsible, to the exclusion of Defendant, for federal, state or local tax liability, including but not limited to liability for income taxes, Social Security payments and/or Medicare payments that arise due to the payment made to Plaintiffs hereunder. Plaintiffs represent that they are not Medicare beneficiaries and are not enrolled in the Medicare program and were not enrolled at the time of the Claims or anytime thereafter through the date of this Release. Plaintiffs agree to indemnify, defend, and hold Defendant harmless from any and all claims, demands, or actions, including but not limited Defendant's reasonable attorneys' fees and costs, as a result of proceedings initiated by any person, entity, or governmental agency related to tax liability or liability based on Medicare status claimed to arise due to said payment. Neither Plaintiffs nor Defendant are providing any advice to the other on the tax law implications of the

11

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

provisions of this Agreement; neither Defendant nor Plaintiffs are relying on any representation, statement, or assertion of fact made by the other with respect to the tax law consequences of any provision of this Agreement.

## CONSTRUCTION

45. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

## MODIFICATION

46. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with the terms or by a writing signed by the Parties.

## ADMISSIBILITY

47. Neither this Settlement Agreement, nor any of its terms, nor any document, statement, proceeding, any action taken to carry out this Settlement Agreement or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the released parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the parties of any liability, fault, wrongdoing, omission, concession or damage whatsoever including any concession that certification of an FLSA class other than for purposes of this Settlement Agreement would be appropriate in this or any other case.

48.

DocuSign Envelope ID: 20DDF487-A130-43EC-ABB1-6F2CF0688E6A

## INTEGRATION CLAUSE

49.     This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's counsel, relating to the resolution of the Federal Action shall have no effect except for the terms agreed to in this Agreement. No rights under this Settlement Agreement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

50.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, estates, trustees, executors, administrators, successors and assigns. The parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## COUNTERPARTS

51.     This Settlement Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## JURISDICTION

52.     The parties request that the United States District Court for the Middle District of Tennessee, Nashville Division shall retain jurisdiction to enforce the terms of the Settlement Agreement. This Settlement shall be governed by and construed in accordance with the laws of the State of Tennessee.

Case 3:21-cv-00193   Document 67-2   Filed 11/21/22   Page 13 of 16 PageID #: 284

## AUTHORITY

53. The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals, including the authority of the Named Plaintiffs to enter into this Settlement Agreement on behalf of the Opt-In Plaintiffs. The notice of settlement will inform all FLSA settlement members of the binding nature of this Settlement Agreement and that it will have the same force and effect as if this Settlement Agreement were executed by each FLSA settlement member.

## EXECUTION BY PARTIES AND COUNSEL

Dated: 11-08-2022 , 2022         CYNTHIA EVANOFF
                                  *Cynthia Evanoff* (signature)

Dated: _____, 2022          THE ESTATE OF DEBBIE SMITH

14

## AUTHORITY

53. The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals, including the authority of the Named Plaintiffs to enter into this Settlement Agreement on behalf of the Opt-In Plaintiffs. The notice of settlement will inform all FLSA settlement members of the binding nature of this Settlement Agreement and that it will have the same force and effect as if this Settlement Agreement were executed by each FLSA settlement member.

## EXECUTION BY PARTIES AND COUNSEL

Dated: _____, 2022        CYNTHIA EVANOFF

_____

Dated: _Nov. 11_, 2022        THE ESTATE OF DEBBIE SMITH

_[signature]_

<u>Defendant</u>

Dated: November 18, 2022

By: *Toshimasa Yamane* Toshimasa Yamane

Its: CEO

## APPROVED AS TO FORM

FROST BROWN TODD, LLC

By: _____
Mekesha Montgomery
Neal Shah
Attorneys for Defendant

JACKSON, SHIELDS, YEISER, HOLT
OWEN & BRYANT

By: _____
Gordon E. Jackson
J. Russ Bryant
Robert E. Turner
Robert E. Morelli, III
On Behalf of Plaintiffs

0130076.0744026  4853-7222-5846v1
2/12/2021